UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JO IDA R. PATTERSON, Plaintiff, v. CAROLYN W. COLVIN, Acting Commissioner of Social Security, Defendant. | CASE NO. 2:16-cv-00640-JCC-DWC REPORT AND RECOMMENDATION Noting Date: December 9, 2016 |

The District Court has referred this action, filed pursuant to 42 U.S.C. § 405(g), to United States Magistrate Judge David W. Christel. Plaintiff Jo Ida R. Patterson filed this matter seeking judicial review of Defendant's denial of her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI").

After reviewing the record, the Court concludes the Administrative Law Judge ("ALJ") erred in evaluating the medical opinion of Angela Tobias, M.D., and consequently in formulating the residual functional capacity ("RFC") and finding Plaintiff capable of performing jobs existing in the national economy. The ALJ also erred by failing to provide a germane reason for discounting the lay witness statement of Plaintiff's daughter, Kristen Patterson. Accordingly, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to

OPINION REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 1

1 the Acting Commissioner of Social Security ("Commissioner") for further proceedings

2 consistent with this Report and Recommendation.

## FACTUAL AND PROCEDURAL HISTORY

On January 13, 2013, Plaintiff filed an application for DIB, and on September 6, 2013, Plaintiff filed an application for SSI, alleging disability as of December 29, 2010 on both applications. *See* Dkt. 9, Administrative Record ("AR") 16. The applications were denied upon initial administrative review. AR 16. A hearing was held before Administrative Law Judge ("ALJ") Gary Elliott on September 24, 2014 regarding the denial of Plaintiff's applications. AR 16. In a decision dated November 5, 2014, the ALJ determined Plaintiff to be not disabled. AR 16-27. Plaintiff's request for review was denied by the Appeals Council on March 18, 2016, making the ALJ's decision the final decision of the Commissioner. *See* AR 1; 20 C.F.R. § 404.981, § 416.1481.

Plaintiff maintains the ALJ erred by: (1) improperly considering the medical opinions of Amy Ross, Psy.D. and Angela Tobias, M.D.; (2) improperly rejecting plaintiff's testimony and statements;  and (3) failing to provide germane reasons for rejecting the lay opinion of Plaintiff's daughter, Kristen Patterson. Dkt. 14, p. 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I.      Whether the ALJ Properly Evaluated the Medical Evidence.**

Plaintiff asserts the ALJ erred by improperly evaluating the medical opinions of Angela Tobias, M.D. and Amy Ross, Psy.D. Dkt. 14, pp. 3-11. The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

A.    Angela Tobias, M.D.

Plaintiff maintains the ALJ erred in discounting Dr. Tobias's medical opinion. *See* Dkt. 14, pp. 8-11. Dr. Tobias provided three medical source statements. *See* AR 1022-28. On November 11, 2013, Dr. Tobias completed a Physical Functional Evaluation where he opined Plaintiff's anxiety "limits almost every activity in the workplace." AR 1022-24. She ranked Plaintiff's anxiety as severe, finding it precluded Plaintiff from performing one or more basic work activities, including seeing, hearing, and communicating. AR 1023. Dr. Tobias also opined Plaintiff's depression and carpal tunnel syndrome are moderate, causing significant interference with the ability to perform at least one work-related activity. AR 1023.

On June 20, 2014, Dr. Tobias completed another Physical Functional Evaluation. *See* AR 1025-28. Dr. Tobias noted Plaintiff "cannot work or stay in any enclosed or locked room without a way out due to PTSD [post traumatic stress disorder] triggers." AR 1026. Dr. Tobias opined Plaintiff has a marked impairment related to her PTSD, impacting her ability to hear and communicate. AR 1026. Three days later on June 23, 2014, Dr. Tobias wrote a letter for Plaintiff, opining Plaintiff suffers from PTSD, Generalized Anxiety Disorder, and Hypertension. AR 1028. Dr. Tobias noted each time Plaintiff has to see a new provider and disclose some portion of her trauma, Plaintiff's blood pressure increases dramatically.

The ALJ gave Dr. Tobias's opinions "little weight", noting they were "quite conclusory, providing very little explanation of the evidence relied on in forming that opinion." AR 25. The ALJ also determined Dr. Tobias's "evaluation of the claimant did not have the type of significant clinical abnormalities to substantiate the opinion." AR 25. For example, the ALJ noted Dr. Tobias "repeatedly noted the claimant's diabetes and hypertension were stable" and "the doctor's opinion appears to rest on an assessment of impairments outside the doctor's area of expertise" such as mental health disorders. AR 25. The ALJ dismissed the June 23, 2014 opinion for the same reasons and because "it does not specifically describe the claimant's level of functioning." AR 25.

First, the ALJ discounted Dr. Tobias's November 2013 and June 20, 2014 opinions as conclusory with no explanation for the bases for her opinions. AR 25. The ALJ noted these opinions "did not have the type of significant clinical abnormalities to substantiate the opinion[s]", noting Dr. Tobias "repeatedly noted the claimant's diabetes and hypertension were stable." AR 25. An ALJ need not accept the opinion of a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings or by the record as a whole.

1  *Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004)

2  (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001)); *see also Thomas v.Barnhart*,

3  278 F.3d 947, 957 (9th Cir. 2002).

4        Here, the Court agrees Dr. Tobias's Physical Functional Evaluations are conclusory when

5  read independently and do not provide the reasoning for Dr. Tobias's medical opinions. *See* AR

6  1022-27. However, Dr. Tobias's medical opinions must be read in conjunction with her

7  underlying clinical records to determine whether the opinions are supported. *See* AR 1022-28;

8  *see also Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (finding treating physician's

9  opinion can be rejected if it is "conclusory and brief *and* unsupported by clinical findings")

10  (emphasis added). Therefore, the Court finds the ALJ erred in adequately considering the

11  underlying clinical records supporting Dr. Tobias's medical opinions regarding Plaintiff's

12  limitations related to her PTSD, depression, and anxiety.

13        As an initial matter, the ALJ only specifically addressed Dr. Tobias's findings regarding

14  Plaintiff's diabetes and hypertension when finding Dr. Tobias's opinion was unsupported by her

15  clinical findings. *See* AR 25 (noting Dr. Tobias "repeatedly noted the claimant's diabetes and

16  hypertension were stable" without citation to the record). However, the ALJ did not address Dr.

17  Tobias's opinions regarding Plaintiff's psychiatric conditions when noting her opinion was

18  unsupported by the clinical findings. Thus, the Court cannot determine whether the ALJ intended

19  to include Plaintiff's psychiatric conditions in this portion of the discussion regarding Dr.

20  Tobias's clinical findings, or if the ALJ simply ignored the evidence.

21        Regardless, even if the ALJ's determination regarding Plaintiff's hypertension and

22  diabetes is supported by Dr. Tobias's clinical records, the Court finds the ALJ's decision to

23  reject Dr. Tobias's opinions regarding Plaintiff's psychiatric limitations as conclusory and

24

OPINION REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 5

unsupported by clinical records is not supported by substantial evidence. For example, in August 2013, Dr. Tobias determined Plaintiff's hypertension was in "sub-optimal" control and "very responsive to her [Plaintiff's] state of mind." AR 883-84. In November 2013, Dr. Tobias noted Plaintiff's PTSD was uncontrolled, she was positive for a number of psychiatric conditions, and she would see her "frequently" for treatment of PTSD. AR 986, 989. In April 2014, Dr. Tobias observed Plaintiff was positive for a number of psychiatric symptoms, *see* AR 953, and in May 2014, Dr. Tobias noted Plaintiff's hypertension is "exacerbated by anxiety and stress." AR 946. In June 2014, Dr. Tobias determined Plaintiff had "uncontrolled" PTSD and the symptoms were aggravated by stress. AR 925-26. In her chart regarding Plaintiff's psychiatric exam, Dr. Tobias found Plaintiff anxious, agitated, tense, and paranoid and noted she had obsessive thoughts. AR 929. At another June 2014 visit, Dr. Tobias opined Plaintiff's depression and PTSD were under "sub-optimal" control. *See* AR 931. Dr. Tobias also observed Plaintiff was positive for a number of psychiatric symptoms. *See* AR 933-34. In short, the Court finds Dr. Tobias's underlying clinical records support her opinions regarding the limiting effects of Plaintiff's psychiatric conditions. Thus, the ALJ did not properly reject Dr. Tobias's opinions on this basis.

Second, the ALJ discounted Dr. Tobias's Physical Functional Evaluations and opinions regarding Plaintiff's psychiatric conditions as outside her area of expertise. AR 25. Although area of specialty is a relevant factor, a doctor need not be a mental health specialist to provide a medical opinion regarding mental health limitations *See Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)); *see also* 20 C.F.R. 404.1527(c)(5). The Ninth Circuit specifically has indicated that "it is well established primary care physicians (those in family or general practice) 'identify and treat the majority of Americans' psychiatric disorders.'" *See Sprague*, 812 F.2d at 1232 (citing C. Tracy Orleans, Ph.D., Linda K. George, Ph.D., Jeffrey L. Houpt, M.D. and Keith H.

Brodie, M.D., *How Primary Care Physicians Treat Psychiatric Disorders: A National Survey of Family Practitioners*, 142 AM. J. PSYCHIATRY 52 (Jan. 1985)). Indeed, the Ninth Circuit noted, "[i]f the Magistrate [Judge]'s conclusion that there was no psychiatric evidence is based on an assumption that such evidence must be offered by a Board-certified psychiatrist, it is clearly erroneous." *Sprague*, 812 F.2d at 1232. Thus, the ALJ also erred by rejecting Dr. Tobias's opinions regarding Plaintiff's mental impairments because she is not a specialist in psychiatry.[1]

Accordingly, the ALJ erred as none of the reasons provided to reject Dr. Tobias's opinions are specific, legitimate, and supported by substantial evidence. *See Reddick*, 157 F.3d at 725.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without

---

[1] Plaintiff also challenges the ALJ's treatment of Dr. Tobias's June 23, 2014 letter. *See* Dkt. 14, p. 9. However, an ALJ need not discuss evidence that is neither significant nor probative. *See Howard ex rel. Wolff v. Barnhart,* 341 F.3d 1006, 1012 (9th Cir.2003); *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984). A doctor's opinion devoid of any opined limitations is not significant or probative. *See*, *e.g.*, *Hughes v. Colvin*, No. C13-0143-MAT, 2013 WL 11319016, at *3 (W.D. Wash. Aug. 14, 2013), *aff'd,* 599 F. App'x 765 (9th Cir. 2015) (citing *Turner v. Comm'r of Social Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (explaining that where a doctor's opinion does not assign any specific limitations, an ALJ need not provide reasons for rejecting the opinion because none of the conclusions were actually rejected)). Dr. Tobias's June 23, 2014 letter does not contain any specific limitations related to Plaintiff's impairments. Thus, given that Dr. Tobias did not assign any specific limitations to Plaintiff in that letter, the ALJ did not err in assigning minimal weight to it because no conclusions were actually rejected.

regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Had the ALJ properly considered the opinion of Dr. Tobias, he may have included additional limitations in the RFC and in the hypothetical questions posed to the vocational expert. AR 20, 49-53. For example, Dr. Tobias opined Plaintiff's anxiety is debilitating and limits almost all activities in a workplace. *See* AR 1022-23. Dr. Tobias also opined Plaintiff has difficulty seeing, hearing, and communicating because of her disabling conditions. AR 1023. Although the ALJ limited Plaintiff to simple, routine tasks with occasional public contact and coworker contact, if Dr. Tobias's opinion were given great weight, the ALJ may have found Plaintiff unable to work at all or unable to work absent additional limitations not included in the RFC. As the ultimate disability determination may have changed, the ALJ's error regarding Dr. Tobias's opinion is not harmless and requires reversal. *Molina*, 674 F.3d at 1115.

B. <u>Amy Ross, Psy.D.</u>

Plaintiff also argues the ALJ erred in his treatment of Dr. Ross's medical opinion. Dkt. 14, pp. 3-8. Although Plaintiff had been treated at Health Point since 2006, Dr. Ross began treating Plaintiff for depression in August 2013. AR 869, 880-81, 890-91, 1021. Dr. Ross offered a medical source statement on September 23, 2013. AR 1021. Dr. Ross opined Plaintiff "presents with significant symptoms of Posttraumatic Stress Disorder (PTSD), Major Depressive Disorder, and Generalized Anxiety Disorder." AR 1021. Dr. Ross noted Plaintiff suffers from "mood instability, hypervigilance, irritability, anxiety, and depression." AR 1021. Dr. Ross opined Plaintiff's "psychological symptoms prevent her from functioning adequately on a daily basis and prevent her from being gainfully employed." AR 1021. On the day Dr. Ross completed her

1  medical source statement, Dr. Ross administered a Patient Health Questionnaire and opined
2  Plaintiff was experiencing a major depressive episode. AR 864.
3        The ALJ afforded "little weight" to Dr. Ross's opinion finding the opinion conclusory
4  and observing it provided "very little explanation of the evidence relied on in forming that
5  opinion." AR 25. The ALJ also determined the opinion was inconsistent with Dr. Ross's
6  underlying clinical findings. AR 25. Finally, the ALJ noted "doctors are only qualified to express
7  an expert opinion about what physical or mental limitations the patient's impairments cause and
8  not whether a patient is disabled" which the ALJ noted is reserved to the Commissioner. AR 25.
9        First, the ALJ dismissed Dr. Ross's opinion as conclusory and supported with "little
10  explanation of the evidence relied on in forming that opinion." AR 25. As noted above, an ALJ
11  need not accept the opinion of a treating physician if that opinion is brief, conclusory and
12  inadequately supported by clinical findings. *Batson*, 359 F.3d at 1195. Here, Dr. Ross's medical
13  source statement does not reveal how she determined Plaintiff's limitations prevent her "from
14  functioning adequately on a daily basis and prevent her from being gainfully employed." *See* AR
15  1021. Indeed, upon reviewing Dr. Ross's underlying clinical records, the Court finds the record
16  as a whole is similarly devoid of an explanation as to how Dr. Ross made her decision regarding
17  Plaintiff's functional limitations. *See* AR 869, 880-81, 890-91, 1021. Thus, in light of Dr. Ross's
18  conclusory statement and the inadequate support from clinical findings, the Court finds the ALJ
19  did not err in discounting Dr. Ross's medical opinion.
20        Second, the ALJ dismissed Dr. Ross's opinion as inconsistent with her clinical findings.
21  AR 25. The ALJ did not cite to any evidence in the record inconsistent with Dr. Ross's opinion,
22  nor did the ALJ explain what findings were inconsistent with Dr. Ross's medical opinion. *See*
23  AR 25. The ALJ's statement thus lacks the specificity required by the Court. *See Embrey*, 849
24

F.2d at 421-22 ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim."). Accordingly, the ALJ erred in rejecting Dr. Ross's opinion on this basis.

Third, the ALJ rejected Dr. Ross's opinion because she opined regarding Plaintiff's ultimate disability. AR 25. However, According to the Ninth Circuit, "'physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability - the claimant's ability to perform work.'" *Garrison v Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Reddick*, 157 F.3d at 725). Although "'the administrative law judge is not bound by the uncontroverted opinions of the claimant's physicians on the ultimate issue of disability, [] he cannot reject them without presenting clear and convincing reasons for doing so.'" *Reddick*, 157 F.3d at 725 (quoting *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) (other citations omitted)). "A treating physician's opinion on disability, even if controverted, can be rejected only with specific and legitimate reasons supported by substantial evidence in the record." *Id.* (citing *Lester*, 81 F.3d at 830). This Ruling further indicates that "opinions from any medical source on issues reserved to the Commissioner must never be ignored." *See id.* Here, the ALJ's third reason for discounting Dr. Ross's opinion that Plaintiff cannot work is that it "is a legal conclusion reserved for the Commissioner," without any additional analysis. AR 25. Thus, the ALJ's third reason for discounting Dr. Ross's opinion is conclusory, and is not a specific and legitimate reason for rejecting Dr. Ross's opinion regarding Plaintiff's ability to work.

As the ALJ offered at least one specific and legitimate reason supported by substantial evidence to discount Dr. Ross's opinion, the Court finds the ALJ's determination could be upheld. *See Carmickle*, 533 F.3d at 1162. Nevertheless, as this matter is already remanded based upon the

ALJ's errors in evaluating Dr. Tobias's medical opinion, the ALJ shall also address his errors with respect to Dr. Ross's opinion, including recontacting Dr. Ross for clarification regarding her opinion, if necessary. *See* SSR 96-5p, 1996 WL 374183, at *2 (noting for "treating sources, the rules also require that [the Social Security Administration makes] every reasonable effort to recontact such sources for clarification when they provide opinions on issues reserved to the Commissioner and the bases for such opinions are not clear to us."); *Tonapetyan*, 242 F.3d at 1150 (noting an ALJ has the duty "to fully and fairly develop the record and to assure that the claimant's interests are considered.") (citations omitted.

## II. Whether the ALJ erred in assessing Plaintiff's credibility.

Plaintiff contends the ALJ failed to give clear and convincing reasons for rejecting Plaintiff's testimony about her symptoms and limitations. Dkt. 14, pp. 11-14. Absent evidence of malingering, an ALJ must provide clear and convincing reasons to reject a claimant's testimony. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

In this case, the ALJ found Plaintiff's testimony concerning the intensity, persistence, and limiting effects of her symptoms to be not entirely credible. *See* AR 20, 23. In light of the ALJ's errors evaluating the medical evidence, the credibility of the Plaintiff's statements necessarily must be reviewed. Thus, upon remand, the ALJ should reconsider Plaintiff's alleged symptoms anew as necessitated by further consideration of the medical opinion evidence.

## III. Whether the ALJ erred in rejecting the lay witness statements.

Plaintiff also avers the ALJ erred in assessing the lay witness statement of Plaintiff's daughter, Kristen Patterson. Dkt. 14, p. 16. Ms. Kristen Patterson offered a Third Party Function

OPINION REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 11

Report on March 26, 2013, opining regarding Plaintiff's disabling conditions and functional limitations. AR 164-71. Lay testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). In rejecting lay testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted, even though the ALJ does "not clearly link his determination to those reasons," and substantial evidence supports the ALJ's decision. *Id.* at 512.

      The ALJ rejected Ms. Kristen Patterson's lay witness statement, determining "[w]hile her statements may reflect her personal observations of the claimant, the medical evidence of record does not support finding greater limitations than those set forth in the above residual functional capacity." AR 25. Although an ALJ may discredit lay testimony if it conflicts with medical evidence, it cannot be rejected as unsupported by the medical evidence. *See Lewis*, 236 F.3d at 511 (noting an ALJ may discount lay testimony that "conflicts with medical evidence") (citing *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984). Here, the ALJ improperly rejected Ms. Kristen Patterson's lay testimony in a conclusory fashion without any explanation, finding it unsupported by the clinical medical evidence. *See* AR 25. Accordingly, because the ALJ did not give germane reasons supported by substantial evidence in the record for rejecting Ms. Kristen Patterson's statement, the ALJ erred. *See Hughes v. Comm'r of Soc. Sec. Admin.*, 403 F. App'x 218, 221 (9th Cir. 2010) (finding the ALJ erred in offering only conclusory statements to reject lay witness testimony). Thus, upon remand, the ALJ shall also consider Ms. Kristen Patterson's lay witness statement.

**IV.     Whether the ALJ erred at Step Five.**

Finally, Plaintiff argues the ALJ erred at Step Five. Dkt 14, pp. 16-17. As discussed in Section I, *supra*, had the ALJ properly weighed the medical evidence, the RFC and hypothetical questions posed to the vocational expert may have included additional limitations. Thus, upon remand, the ALJ will reevaluate all of the sequential steps, including Step Five, if necessary.

CONCLUSION

Based on the above stated reasons, the undersigned recommends this matter be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Report and Recommendation. The undersigned also recommends judgment be entered for Plaintiff and the case be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on December 9, 2016, as noted in the caption.

Dated this 18th day of November, 2016.

David W. Christel
United States Magistrate Judge